

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICHARD RALPH CONTE,

    Petitioner,

vs.

JAMES BENEDETTI, et al.,

    Respondents.

Case No. 3:08-CV-00611-RCJ-(RAM)

**ORDER**

Before the Court are the Petition for Writ of Habeas Corpus (#1), Respondents' Motion to Dismiss (#7), Petitioner's Response (#13), and Respondents' Reply (#18). The Court finds that this action is untimely and grants the Motion (#7).

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation

period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

Petitioner agreed to plead guilty in the Ninth Judicial District Court of the State of Nevada to second degree kidnaping and unlawful administration of a controlled substance. Ex. 25 (#8-26). The district court entered a judgment of conviction on February 19, 2003, and an amended judgment of conviction on February 25, 2003, to correct a clerical error. Ex. 27 (#8-29); Ex. 28 (#8-30). Petitioner did not directly appeal.

On May 2, 2005, Petitioner filed pro se a post-conviction habeas corpus petition in the state district court. Ex. 30 (#8-32). The court appointed counsel, who filed a supplemental petition. Ex. 31 (#8-33); Ex. 42 (#9-8). The state moved to dismiss the petition as untimely pursuant to Nev. Rev. Stat. § 34.726. Ex. 33 (#8-35). The district court denied the motion, finding that, pursuant to the statute, Petitioner had demonstrated good cause to excuse application of the period of limitation. Ex. 40 (#9-6). Ultimately, the district court denied the petition. Ex. 67 (#10-9). Petitioner appealed, and the Nevada Supreme Court affirmed on July 17, 2007. Ex. 88 (#10-30). After unsuccessful petitions for rehearing and rehearing en banc, the remittitur issued on November 28, 2007. Ex. 96 (#10-38).

Petitioner commenced this action on November 18, 2008, when retained counsel filed the Petition (#1).

Nobody disputes that Petitioner filed this action more than a year after his judgment of conviction became final. More than two years passed between the finality of Petitioner's judgment of conviction and the filing of his state habeas corpus petition. Another 356 days passed between the issuance of the remittitur in the state habeas corpus proceedings and the commencement of this action. Even with the tolling of the period of limitation while the state habeas corpus petition was pending, equitable tolling is necessary to excuse the untimeliness of this action.

Equitable tolling of the period of limitation might be available, but Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[T]he one-year statute of limitations for filing a habeas petition may be equitably tolled if 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.' The prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).

> [T]he prisoner must show that the "extraordinary circumstances" were the but-for and proximate cause of his untimeliness. . . . It will normally be much more difficult for a prisoner to demonstrate causation where he encounters the "extraordinary circumstances" in the beginning or middle of the limitations period than where he encounters them at the end of limitations period. This is the case because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give him ample opportunity to overcome such early obstacles.

Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001) (citations omitted).

Petitioner characterizes equitable tolling as equivalent to statutory tolling: It stops the limitation clock during the time that it was impossible for him to file a petition. For the purposes of this Order, the Court assumes that Petitioner has debilitating multiple sclerosis, and that Petitioner could not have filed a habeas corpus petition before May 2, 2005, when he filed his state habeas corpus petition pro se. Petitioner argues that because he could not have filed a petition before that date, and because the time that he spent on the state petition was tolled pursuant to 28 U.S.C. § 2244(d)(2), only three hundred fifty-five days passed between the issuance of the remittitur in the state habeas corpus proceedings and the commencement of this action. Petitioner further argues that because of his disease and because of the time his family took to retain counsel, only the thirteen days from when his family retained current counsel to the commencement of this action should count.

The Court of Appeals for the Ninth Circuit has not applied a stop-the-clock rule for equitable tolling of § 2244(d). Instead, it looks upon equitable tolling as an equitable concept. As noted in Allen, the petitioner must demonstrate causation as part of the requirement that he be pursuing his remedies diligently. See, e.g., Waldron-Ramsey v. Pacholke, 556 F.3d 1008 (9th Cir. 2009); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Spitsyn, 345 F.3d at 799. In Lott v. Mueller, 304 F.3d 918 (9th Cir. 2002), the court determined that

1  equitable tolling might be warranted, but it applied the same causation rule which it had
2  adopted in Allen. 304 F.3d at 922-26.¹ In short, a petitioner does not solve a problem of
3  being late by being later.

4      The Court finds that much of the delay between the conclusion of the state habeas
5  corpus proceedings and the commencement of this action was due to a lack of diligence by
6  Petitioner, not because it was impossible for Petitioner to file a petition. Waldron-Ramsey
7  is instructive. The petitioner in that case argued that the period of limitation should have
8  been equitably tolled because he did not have access to all of his legal records. The court
9  held:

> Moreover, even if Waldron-Ramsey may have faced some difficulty developing his claims without constant possession of all of his records, he has not adequately explained why he filed 340 days after his AEDPA deadline. If diligent, he could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline, <u>or at least could have filed it less than 340 days late assuming that some lateness could have been excused</u>.

14  556 F.3d at 1014 (emphasis added). Despite his medical problems, Petitioner was able to
15  file a state habeas corpus petition pro se in May 2005. Petitioner knew, shortly after he filed
16  the state petition, that he had a problem with timeliness. However, instead of filing a petition
17  in this Court right after the conclusion of his state-court proceedings, Petitioner waited almost
18  a year. His argument that he could not file anything until his family retained counsel on
19  November 5, 2008, is not persuasive, because Petitioner had demonstrated that he was able
20  to file a petition pro se, and this Court can appoint counsel to represent indigent petitioners.²
21  See 18 U.S.C. § 3006A. Under these circumstances, equitable tolling is not warranted.

---

¹Judge McKeown's argument for a stop-the-clock rule did not have majority support. 304 F.3d at 926-27 (McKeown, J, concurring in the judgment).

²Petitioner's counsel did file a petition quickly after being retained, but that does not excuse Petitioner's delay before he retained counsel.

      Respondents also argue that Petitioner did not exhaust his available remedies in state court for some of his grounds. The Court will not address this argument because it is dismissing the action.

      Also before the Court is Respondents' Motion to Strike Index (#11). Respondents note that their Index of Exhibits (#8-1) is incorrect, and they filed a corrected Index (#12). The Court grants this motion.

      IT IS THEREFORE ORDERED that Respondents' Motion to Strike Index (#11) is **GRANTED**.

      IT IS FURTHER ORDERED that Respondents' Motion to Dismiss (#7) is **GRANTED**. This action is **DISMISSED** with prejudice as untimely. The Clerk of the Court shall enter judgment accordingly.

DATED: This 27 day of October, 2009.

ROBERT C. JONES
United States District Judge